APRIL L. HOLLINGSWORTH (Bar No. 9391)
KATIE PANZER (Bar No. 16919)
**HOLLINGSWORTH LAW OFFICE, LLC**
1881 South 1100 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
april@aprilhollingsworthlaw.com
katie@aprilhollingsworthlaw.com
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **ELIZABETH GRAHAM,**<br><br>Plaintiff,<br><br>vs.<br><br>**BRISTOL HOSPICE HOLDINGS, INC.,**<br><br>          Defendant. | **COMPLAINT**<br>**(Jury Demand)**<br><br>Case No.<br><br>Judge |

Plaintiff Elizabeth Graham, by and through her undersigned counsel, submits this

Complaint and Jury Demand against Defendant Bristol Hospice Holdings, Inc.

("Bristol"). Ms. Graham complains and alleges as follows:

**<ins>NATURE OF CASE</ins>**

This is an action against Bristol for retaliation in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e.

## PARTIES

1.  Plaintiff Graham is former employee of Bristol.

2.  Defendant Bristol employed Graham from April 2016 until July 2018.

3.  At all material times, Bristol employed more than 15 persons.

4.  The conduct at issue in this case occurred in Salt Lake County, State of Utah.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the parties and subject matter of this action pursuant to, *inter alia,* 28 U.S.C. §§ 1331 and 1367.

6.  Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7.  Ms. Graham filed a timely Charge of Discrimination in December 2018 with the Equal Employment Opportunity Commission alleging retaliation. Ms. Graham received a Notice of Right to Sue dated September 21, 2021.

8.  Ms. Graham has satisfied all administrative prerequisites necessary to file this lawsuit.

## GENERAL FACTUAL ALLEGATIONS

9.  Ms. Graham began working for Bristol as a temporary employee or about December 28, 2015. She was hired as a full-time Human Resources Benefits Generalist on April 1, 2016.

10. During her tenure at Bristol, Ms. Graham received meets or exceeds expectation on her performance evaluations, and three awards for her work.

11. Ms. Graham never received any verbal or written warnings, and was never put on any performance improvement plan.

2

12. In February 2017, Ms. Graham complaint that her supervisor, Sandy Dayton, Payroll Director, subjected her to a hostile work environment.

13. Bristol's VP of Human Resources, Debbie Wertz, investigated Ms. Graham's complaint and determined that Ms. Dayton's behavior was a one-time issue, not a general behavioral concern, and dismissed the complaint.

14. In January 2018, another Bristol employee, Leeya Sengthevichy, filed a Charge of Discrimination against Bristol with the EEOC, alleging Ms. Dayton harassed and discriminated against her.

15. Meanwhile, the harassment and discrimination Ms. Graham had experienced from Ms. Dayton continued.

16. In February 2018, Ms. Wertz interviewed Ms. Graham about Ms. Sengthevichy's complaint. Ms. Graham substantiated several allegations about Ms. Dayton's inappropriate behavior.

17. In March 2018, Ms. Graham filed a Charge of Discrimination with the Utah Antidiscrimination and Labor Division ("UALD").

18. On April 24, 2018, Ms. Graham and Bristol attended a mediation at the UALD regarding her Charge of Discrimination. The parties did not reach a resolution.

19. On April 26, 2018, in an attempt to improve the atmosphere at work, Ms. Graham asked Ms. Wertz whether they could "move forward" with their relationship if Ms. Graham withdrew her UALD complaint. Ms. Wertz agreed.

20. On April 30, 2018, Ms. Graham withdrew her UALD complaint.

3

21. On June 7, 2018, Ms. Graham received confirmation of the withdrawal of her Charge because, "My employer and I agree to move forward communicating directly and in good faith to resolve any workplace concerns."

22. Ms. Graham was in Honolulu, Hawaii for a compliance audit from June 25 to June 29, 2018.

23. On July 13, 2018, Ms. Wertz terminated Ms. Graham without warning, based on false allegations.

24. In December 2018, Ms. Graham filed a Charge of Discrimination with the EEOC alleging retaliation.

25. Ms. Graham suffered significant economic damages due to her termination in retaliation for her complaints.

26. She has also suffered emotional distress due to her termination. For instance, losing health insurance was emotionally devastating to Ms. Graham because she has had a kidney transplant, and could not afford her transplant medication once she lost health insurance.

## CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

27. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

28. It is unlawful under Title VII for an employer to retaliate against an employee for complaining about discrimination or participating in an investigation of discrimination.

29. Ms. Graham engaged in protected activity under Title VII by complaining about discrimination against herself, and by participating in the investigation of a complaint filed by another former employee.

4

30. Bristol did not adequately address Ms. Graham's complaints and instead, retaliated against her to the point that she withdrew her original complaint.

31. Bristol's termination of Ms. Graham was in retaliation for Ms. Graham's complaints, and/or for supporting the allegations of discrimination made by another former Bristol employee.

32. The retaliatory conduct by Bristol caused Ms. Graham significant damages that she is entitled to recover, including but not limited to her lost wages, benefits, and front pay in lieu of reinstatement.

33. Ms. Graham has also suffered emotional distress, pain, and suffering due to Bristol's retaliation against her; therefore, she is entitled to compensatory damages in an amount to be proven at trial.

34. Bristol acted with malice or reckless disregard of Ms. Graham's federally protected right to complain about discrimination; therefore, Bristol is liable for punitive damages.

35. Ms. Graham is also entitled to recover her attorneys' fees and other costs of this action.

## REQUEST FOR A JURY TRIAL

Plaintiff requests that this matter be tried before a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. For compensatory damages, including but not limited to the payment of back wages and benefits, reinstatement or front pay in lieu of reinstatement, and emotional distress damages;

2. For consequential damages;

3. For punitive damages in an amount to be determined by the jury;

4. Injunctive and/or declaratory relief requiring Bristol to take appropriate actions to ensure that its female employees are able to work in an environment free of discrimination and retaliation;

5. For assessment of civil fines against the Defendant as provided for under statutes;

6. For all costs of litigation and attorneys' fees;

7. Pre-judgment and post-judgment interest at the highest lawful rate; and

8. For such other further and additional relief the Court deems just and proper.

Dated this _23rd__ day of December, 2021.

**HOLLINGSWORTH LAW OFFICE, LLC**

/s/ April L. Hollingsworth_____
April L. Hollingsworth
Counsel for Plaintiff

6