IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ELIZABETH GRAHAM,<br><br>                    Plaintiff,<br>v.<br><br>BRISTOL HOSPICE HOLDINGS, INC.,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO PERMIT REMOTE TESTIMONY OF FAITH MYERS<br><br>Case No. 2:21-cv-00754-TS-DBP<br><br>Judge Ted Stewart<br>Magistrate Judge Dustin B. Pead |

This matter is before the Court on Defendant Bristol Hospice Holdings, Inc.'s Motion in Limine to Permit Remote Testimony of Faith Myers.[1] For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

This matter is set for a six-day jury trial to begin on January 26, 2026. In anticipation of trial, Defendant filed the present Motion to permit one of its witnesses, Faith Myers, to testify remotely via video call. Ms. Myers lives and works in Bakersfield, California.[2] She is expected to testify about her conversations with Plaintiff and the training she received from Plaintiff. This information is relevant to the issues in this case as discussed in the Court's previous Order denying the parties' motions for summary judgment. Defendant asserts that requiring Ms. Myers to travel to Salt Lake City to testify in the upcoming trial, would impose an unreasonable burden

---

[1] Docket No. 44.

[2] *Id.* at 2.

on her.[3] Plaintiff objects and argues that Defendant fails to show good cause to support remote testimony.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 43(a), "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." However, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."[4] "[A] district court's decision whether to allow remote testimony pursuant to Rule 43(a) is reviewed for abuse of discretion."[5]

"Mere inconvenience does not satisfy Rule 43(a)'s standard."[6] "In general, the [R]ule contemplates situations where a witness cannot appear in person 'for unexpected reasons, such as accident or illness[.]'"[7] "Other reasons 'must be approached cautiously.'"[8]

Defendant argues that because Ms. Myers resides outside of the Court's subpoena power, good cause exists to allow remote testimony. Federal Rule of Civil Procedure 45(c) provides that "[a] subpoena may command a person to attend a trial . . . as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the

---

[3] *Id.*

[4] Fed. R. Civ. P. 43(a).

[5] *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013).

[6] *Blackmore v. Ramirez*, No. 4:21-cv-00026-AMA-PK, 2025 WL 1311121, at *1 (D. Utah May 6, 2025) (citing *Gil-Leyva v. Leslie*, 780 F. App'x 580, 587 (10th Cir. 2019)).

[7] *Gil-Leyva*, 780 F. App'x at 587 (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment).

[8] *Id.* (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment).

state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."[9]

Defendant cites to *Diener v. Malewitz*,[10] in which a court in the District of Wyoming granted a motion allowing remote testimony finding that the request was "not because it [was] merely inconvenient for the witnesses to attend trial."[11] Instead, the court assumed that the plaintiffs had "'made an effort to make available those witnesses over whom they have control or sway and that the [m]otion [was] made in good faith and because the witnesses are not available for production in [court].'"[12] Defendant does not provide evidence to support such an argument in this case and argues that Ms. Myers' willingness to testify at trial is irrelevant to whether the Court can subpoena her or whether she should be allowed to testify remotely.[13] Additionally, the remaining cases Defendant cites to for support are not particularly persuasive as three of the cases involve multidistrict litigation cases involving application of case law that is not controlling here and the other case involves a motion to quash a subpoena for a virtual deposition during the Covid-19 pandemic.[14] The Court finds that good cause does not exist to permit Ms. Myers to testify remotely simply because she resides outside of the Court's subpoena power.

The Tenth Circuit has acknowledged that "courts have sometimes upheld the use of remote testimony in instances where the witness was located far from the site of the trial or

---

[9] Fed. R. Civ. P. 45(c).

[10] Nos. 18-CV-85-J, 18-cv-117-J, 2019 WL 13223871 (D. Wyo. Oct. 18, 2019).

[11] *Id.* at *7.

[12] *Id.* (internal quotation marks and citation omitted).

[13] Docket No. 51, at 6.

[14] *See* Docket No. 44, at 3–4.

hearing."[15] For example, a court in this district recently concluded that good cause existed to permit a witness to testify remotely at trial when the witness resided over 7,000 miles away from the courthouse. The court concluded that requiring the witness to travel such a distance would be unduly burdensome to the witness and unreasonably costly to the party calling the witness.[16]

The same concerns do not exist here. Defendant asserts that such travel would "pose an unnecessary burden on [Ms. Myers],"[17] that Ms. Myers has demanding job responsibilities and requiring her to travel to testify in person is "wasteful and inefficient."[18] The Court, in keeping with a cautious approach prescribed by the Tenth Circuit, does not find that this demonstrates good cause to permit Ms. Myers to testify remotely. While it may be inconvenient for Ms. Myers to travel to Utah from California, mere inconvenience does not satisfy good cause. The Court does not find travel between the two states to be unduly burdensome or costly.

Plaintiff argues that Ms. Myers is not a necessary witness because her testimony is likely inadmissible hearsay and therefore "not vital to the trial." On the contrary, the Court believes Ms. Myers to be an important witness in this matter. Furthermore, the Court will not consider Plaintiff's arguments regarding hearsay, however Plaintiff may raise objections at trial if appropriate.

In its Reply, Defendant argues that if the Court denies the Motion, the Court should allow the parties to take Ms. Myers' video deposition and use it at trial. If the parties can agree to conduct the video deposition before the scheduled trial, the Court will allow Defendant to do so.

---

[15] *Eller*, 739 F.3d at 478 (collecting cases).

[16] *Blackmore*, 2025 WL 1311121, at *2.

[17] Docket No. 44, at 4.

[18] Docket No. 51, at 5.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to in Limine to Permit Remote Testimony of Faith Myers (Docket No. 44) is DENIED.

DATED  January 6, 2026.

BY THE COURT:

_____
TED STEWART
United States District Judge