IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ELIZABETH GRAHAM,<br><br>               Plaintiff,<br><br>v.<br><br>BRISTOL HOSPICE HOLDINGS INC.,<br><br>               Defendant. | MEMORADUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE HYRUM KIRTON AND TESTIMONY REGARDING DEFENDANT'S WEALTH AT TRIAL<br><br>Case No. 2:21-cv-00754-TS-DBP<br><br>District Judge Ted Stewart<br>Magistrate Judge Dustin B. Pead |

This matter is before the Court on Defendant Bristol Hospice Holdings, Inc.'s Motion in Limine to Exclude Hyrum Kirton and Testimony regarding Defendant's Wealth at Trial.[1] For the reasons discussed herein, the Court will deny the Motion.

I. BACKGROUND

Defendant Bristol seeks to exclude Hyrum Kirton ("Kirton") and his testimony regarding Defendant's wealth on three separate grounds: that Plaintiff failed to timely disclose Kirton as a witness in its initial pretrial disclosure under Federal Rule of Civil Procedure 26; that Kirton's testimony regarding Defendant's wealth is not relevant under Federal Rule of Evidence 401; and lastly, that Kirton's testimony regarding such is unfairly prejudicial under Rule 403. The Court will address each argument in turn.

//

---

[1] Docket No. 71.

II. ANALYSIS

*a. Untimeliness Under Rule 26(a)*

Plaintiff timely filed her original Pretrial Disclosure on December 26, 2025,[2] and subsequently filed her Amended Pretrial Discloser on January 9, 2026.[3] Defendant argues that under Rules 26(c) and 37(c) of the Federal Rules of Civil Procedure, Plaintiff's late disclosure of Kirton should result in him being excluded from trial.

Rule 37(c) states that where "a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[4] To determine if a party's failure to disclose was justified or harmless, the Court must consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[5] "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[6]

The Court finds that allowing Plaintiff to examine Kirton will cause little to no prejudice or surprise to Defendant. First, and as argued by Plaintiff, Kirton is listed on Defendant's may-call list in both its original and amended pretrial disclosures,[7] and thus Plaintiff's examination of Kirton, albeit on cross, was a possibility of which Defendant was already aware. In the Advisory

---

[2] Docket No. 47.
[3] Docket No. 54.
[4] Fed. R. Civ. P. 37(c)(1).
[5] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).
[6] *Id.* (internal quotation marks and citation omitted).
[7] Docket Nos. 46, 48.

Committee Notes of the 1993 Amendments, the drafters recognized the need "to avoid unduly harsh penalties in a variety of situations," including the circumstances here: "the failure to list as a trial witness a person so listed by another party."[8]

Second, although the scope of Plaintiff's potential examination of Kirton differs from what it would be if limited to cross-examination, that prejudice can be easily cured by careful cross-examination by Defendant. As the former CEO and current board member of Bristol, Kirton has access to the information necessary to rebut any incorrect or misleading testimony elicited from him by Plaintiff regarding Bristol's financial condition. Third, Kirton's testimony would not disrupt trial because Defendant had already considered calling him, and Plaintiff states in her Response that her examination would only last thirty minutes at most.[9] Lastly, there is no evidence of bad faith or willfulness on part of the Plaintiff.

Accordingly, the Court finds that Plaintiff's untimely amended disclosure is harmless and that exclusion under Rule 37(c) is unwarranted.

b. Relevance under Rule 401

Only relevant evidence is admissible in trial[10] and Federal Rule of Evidence 401 provides that evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Defendant argues that Kirton's testimony regarding Bristol's financial condition is not relevant for three reasons. First, Defendant asserts that because Kirton was never deposed, it's unclear whether he has personal knowledge regarding Bristol's financial condition. Second, Defendant's financial condition is not relevant to

---

[8] Fed. R. Civ. P. 37(c)(1), advisory committee notes to 1993 Amendments; see Docket No. 78, at 2.

[9] Docket No. 78, at 2.

[10] Fed. R. Evid. 402.

whether Bristol retaliated against Plaintiff. Third, even if the jury determines punitive damages are warranted, because Title VII caps punitive damages, evidence of wealth is not relevant.

The Court finds that evidence of Defendant's financial status is relevant under Rule 401 as it relates to the amount of punitive damages awarded, if any. First, as former CEO and current board member of Bristol, Kirton likely has personal knowledge regarding its financial condition.[11] To the extent that Kirton offers testimony regarding the financial condition of Bristol about which Defendant believes he does not have personal knowledge, Defendant may object at that time.

Second, the Supreme Court has explicitly recognized that juries have "broad discretion . . . in assessing the amount of punitive damages . . . [and] evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded."[12] Further, Defendant has agreed to a proposed jury instruction stating that the jury may consider "the wealth or financial condition of Bristol Hospice when contemplating punitive damages."[13]

Third, notwithstanding the cap, Title VII still permits punitive damages, and it is Plaintiff's burden to present evidence to establish the propriety and amount of such damages.[14] Although Plaintiff is not required to produce evidence of Defendant's financial condition in

---

[11] *See* Docket No. 78-2 (showing a screenshot of Kirton's LinkedIn in which the description of Kirton's board member position is described as focusing on "strategic initiatives to grow returns").

[12] *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981).

[13] *See* Docket No. 60, at 31.

[14] 42 U.S.C. § 1981a(b)(1); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 545–46 (1999).

order to establish the propriety and amount of punitive damages, such evidence is still relevant to that determination.[15]

c. *Unfair Prejudice under Rule 403*

Defendant argues that "[e]ven if the evidence were marginally relevant, its probative value is substantially outweighed by the danger of unfair prejudice and misleading the jury [because e]vidence of a defendant's wealth invites the jury to decide the case based on the perceived financial status of the parties rather than the facts relevant to liability."[16] In relevant part, Federal Rule of Evidence 403 provides that the court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice [and] misleading the jury."

As discussed above, the financial condition of a defendant is "traditionally admissible as a measure of the amount of punitive damages that should be awarded."[17] Any concern that the jury will be tempted to conclude that Defendant retaliated against Plaintiff based on Bristol's financial status can be properly addressed by "[v]igorous cross-examination, presentation of contrary evidence, [] careful instruction on the burden of proof," and appropriate limiting instructions.[18] Accordingly, the Court concludes that the probative value of Kirton's testimony is not substantially outweighed by the danger of unfair prejudice or misleading the jury.

---

[15] *Mason v. Okla. Tpk. Auth.*, 182 F.3d 1212, 1214 (10th Cir. 1999); *Jones v. Rent-A-Ctr., Inc.*, 281 F. Supp. 2d 1277, 1282–83 (D. Kan. 2003).

[16] Docket No. 71, at 3.

[17] *City of Newport*, 453 U.S. at 270.

[18] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Hyrum Kirton and Testimony regarding Defendant's Wealth at Trial (Docket No. 71) is DENIED.

DATED January 23, 2026.

BY THE COURT:

_____
Ted Stewart
United States District Judge