IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ELIZABETH GRAHAM,<br><br>                      Plaintiff,<br><br>v.<br><br>BRISTOL HOSPICE HOLDINGS, INC.,<br><br>                      Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS IN LIMINE<br><br>Case No. 2:21-cv-00754-TS-DBP<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motions in Limine. For the reasons discussed below, the Court will deny the Motions without prejudice.

## I. BACKGROUND

Plaintiff filed three Motions in Limine seeking to exclude various exhibits that Defendant has designated for admission at trial: (a) written statements by Faith Myers, Mia Warren, and Annette Biesinger;[1] (b) "journal" entries of Debra Wertz;[2] and (c) Kirton McConkie's Response to the EEOC.[3] The Court will address each Motion below.

## II. DISCUSSION

*a. Statements of Faith Myers, Mia Warren, and Annette Biesinger*

Plaintiff's first motion in limine seeks to exclude the following four documents listed in Defendant's pretrial disclosures: (1) Exhibit D, a written statement of Faith Myers dated July 12,

---

[1] Docket No. 66.

[2] Docket No. 67.

[3] Docket No. 68.

1

2018; (2) Exhibit E, a written statement of Mia Warren; (3) Exhibit F, a "California Jurat with Affiant Statement" detailing the Warren and Myers statements; and (4) Exhibit PP, a written statement of Annette Biesinger. Defendant does not oppose the exclusion of Exhibit F, the California Jurat.

Plaintiff argues the written statements of Warren, Myers, and Biesinger are inadmissible hearsay. Plaintiff further argues that the statements are irrelevant and that any probative value of the statements is outweighed by unfair prejudice.

Federal Rule of Evidence 801(c)(2) defines hearsay as an "out-of-court statement" offered "to prove the truth of the matter asserted." A "statement" is defined as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion."[4] Hearsay is not admissible unless expressly permitted by federal statute, the Federal Rules of Evidence, or "other Rules prescribed by the Supreme Court."[5]

Defendant argues in its Response that the written statements are not hearsay "to the extent" they are offered "for their effect on the listener" and not for the truth of the matter asserted.[6] Defendant goes on to explain that "Ms. Wertz received contemporaneous verbal reports from Ms. Myers prior to termination, and the written statement merely memorializes those same observations."[7] This brief explanation does not convince the Court the written statements at issue are not offered for the truth of the matters asserted. Further, Defendant's

---

[4] Fed. R. Evid. 801(a).

[5] Fed. R. Evid. 802.

[6] Docket No. 75, at 2 (citing *United States v. Twitty*, 689 F. App'x 890, 894–95 (10th Cir. 2017)).

[7] *Id.* at 2–3.

argument is undercut by Defendant's subsequent assertion that the written statements are relevant to support "the reasons for her termination—namely, that she was insubordinate and dishonest and displayed a negative and unprofessional attitude during a sensitive time for the company."[8] Accordingly, the Court finds the written statements are hearsay in that they are offered for the truth of the matter asserted.

Defendant next argues that even if the written statements are hearsay, they qualify as business records under Federal Rule of Evidence 803(6), which exempts "records of a regularly conducted activity."

> To fall within this exception, a document must (1) have been prepared in the normal course of business; (2) have been made at or near the time of the events it records; and (3) be based on the personal knowledge of the entrant or of an informant who had a business duty to transmit the information to the entrant. . . . Even if a document is found to meet all three requirements, it can be excluded if the source of information or the method or circumstances of preparation make it untrustworthy.[9]

The written statement of Meyers is dated July 12, 2018, and appears to detail her recollection of her first-hand interactions with Plaintiff on July 5, July 10, and July 11, 2018. The written statement of Warren is dated July 25, 2018, and appears to detail her recollection of her first-hand interactions with Plaintiff on July 10 and July 11, 2018. The written statement of Biesinger is dated July 26, 2018, and appears to detail her first-hand interactions with Plaintiff on July 10, 2018.

---

[8] *Id.* at 3.

[9] *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1017 (10th Cir. 2004) (internal quotation marks and citation omitted).

Given the statements appear to be first-hand accounts written relatively near the time of the events described, it is plausible that Defendant can lay a sufficient foundation to meet the second and third requirements for the business records exception. It is less clear, however, if the evidence will support that the written statements were prepared in the normal course of business. Notably, "[n]ot every item of business correspondence constitutes a business record."[10] For example, "[i]t is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business."[11]

Defendant asserts that the statements "were prepared at the direction of Debra Wertz in her capacity as the Executive VP of Human Resources [and] were kept in the course of business."[12] This is, however, insufficient to establish that these types of statements were prepared in the normal course of business. "To have been prepared 'in the normal course of business,' the [written statement] must have been made in the regular course of business of a regularly conducted business activity; and it must have been the regular practice of that business to have made the [written statement]."[13]

Before ruling on their admissibility, the Court will allow Defendant the opportunity at trial to lay foundation as to each of the requisite elements, particularly that each of the employees supplying statements to Wertz were acting in the course of a regularly conducted business activity.

---

[10] *United States v. Harper*, 118 F.4th 1288, 1298 (10th Cir. 2024) (quoting *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1091 (10th Cir. 2001)).

[11] *Id.* at 1298–99 (quoting *Echo*, 267 F.3d 1068 at 1091).

[12] Docket No. 75, at 3.

[13] *Hertz*, 370 F.3d at 1017 (internal quotation marks and citations omitted).

Defendant next argues the written statements are admissible under Federal Rule of Evidence 803(1), which provides an exception to the rule against hearsay for a "present sense impression." To fall under this exception, the out-of-court statement must have been "made while or immediately after the declarant perceived it."[14] Defendant has not asserted that the written statements were created while or immediately after the declarant's interactions with Plaintiff described therein. Instead, the dates included on the written statements support that the statements were written days or weeks after the events described. Therefore, Rule 803(1) does not provide an exception for the written statements.

Finally, Defendant argues the written statements are admissible under the residual-hearsay exception. "To be admissible under the residual-hearsay exception, the offered evidence must contain 'sufficient guarantees of trustworthiness' and be 'more probative on the point for which it is offered than any other reasonably attainable evidence.'"[15] "The party offering the evidence bears the heavy burden of showing that both prongs are met."[16] Defendant's single conclusory statement on this argument does not meet the "heavy burden" assigned. The Court will accordingly not permit the written statements under the residual-hearsay exception without more.

Next, the Court will consider Plaintiff's arguments regarding the relevance of the written statements. Relevant evidence is admissible unless otherwise provided by law.[17] "Evidence is

---

[14] Fed. R. Evid. 803(1).

[15] *United States v. McFadden*, 116 F.4th 1069, 1082 (10th Cir. 2024) (quoting Fed. R. Evid. 807(a)).

[16] *Id.* (internal quotation marks and citation omitted).

[17] Fed. R. Evid 402.

relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[18] This "standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[19] Plaintiff argues that the written statements are not relevant because Wertz testified at her deposition that she did not have the written statements before Plaintiff was terminated, but asked for them later. This argument is unconvincing because Wertz also testified at her deposition that she had received the information described in the written statements "voluntarily from those individuals" before she requested the written statements.[20] Therefore, the events described in the written statements could have influenced Wertz's decision to terminate Plaintiff.

Plaintiff further asserts generally that the statements are "mostly not relevant to the parties' claims or defenses" because Wertz testified that she fired Plaintiff because "she didn't do the training and then lied about it."[21] Based on Defendant's representations, the written statements appear to have some relevance to facts in dispute regarding the reasons for Plaintiff's termination sufficient to surpass the "not stringent" relevance standard.

Relevant evidence is, however, excludable under Rule 403 "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading

---

[18] Fed. R. Evid. 401.

[19] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

[20] Docket No. 66-5, at 2.

[21] Docket No. 66, at 3.

the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[22]

"[E]xclusion of evidence under Rule 403 that is otherwise admissible under the other rules 'is an extraordinary remedy and should be used sparingly.'"[23]

Plaintiff conclusively asserts that the written statements "can serve only to waste the jury's time and distract them from the true issues by trying to paint [Plaintiff] in a negative light regarding events unrelated to her termination."[24] The Court disagrees. Because Plaintiff's behavior and interactions at work appear relevant to the issues to be argued at trial, and any undue prejudice appears minimal, the Court will not exclude the evidence under Rule 403.

Based on the above analysis, the Court will deny the Motion without prejudice. Defendant will be allowed the opportunity to lay foundation for admission of the written statement exhibits. If Defendant is unable to establish the requisite showing, the written statements will be excluded as impermissible hearsay.

b. *Debra Wertz's Journal*

Plaintiff argues that Defendant's Exhibit B, a personal journal of Wertz, must be excluded because it is inadmissible hearsay, irrelevant, and because any probative value is outweighed by the danger of unfair prejudice.

Regarding hearsay, Defendant again asserts the "business records" and "present sense impression" exceptions apply. As above, the Court will allow Defendant the opportunity to lay foundation at trial to establish the requisite elements to show that the journal is in fact a business

---

[22] Fed. R. Evid. 403.

[23] *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) (quoting *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir.1999)).

[24] Docket No. 66, at 3.

record, and particularly that it was prepared in the normal course of business. The Court also notes that some of the statements described in the journal entries appear to be "double hearsay."[25] If the hearsay testimony itself contains a hearsay statement, "a hearsay exception must apply to each link of the chain."[26] Therefore, even if the Court finds the business records applies to the journal, the entries that include an added layer of hearsay must be redacted unless Defendant is able to support the admissibility of each "link."

Next, the "present sense impression" exception does not apply for the same reasons discussed above. The journal entries make clear that Wertz did not write all of them "contemporaneously or immediately after" her interactions with Plaintiff. For example, the document indicates the journal was started on November 27, 2017, and the first entry describes an event that occurred "[o]n or about November 16, 2017."[27] The next entry, which is not dated, describes a complaint from a third party that Wertz received on November 27, 2017, regarding an incident that occurred on November 9, 2017. While Defendant asserts that Wertz testified during her deposition that these entries were created simultaneously with the events described, that does not appear to have been the case based on the passages described above.

Regarding Plaintiff's relevance objections, the Court again finds that the interactions between Plaintiff, Wertz, and other co-workers bear some relevance to the facts and issues in

---

[25] *United States v. Ary*, 518 F.3d 775, 787 (10th Cir. 2008) ("Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person.") (internal quotation marks and citation omitted).

[26] *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 650 (10th Cir. 2008).

[27] Docket No. 67-1, at 1.

dispute. The Court further finds that Plaintiff has not shown that the "extraordinary remedy" of exclusion under Rule 403 is warranted.

Based on the above analysis, the Court will deny the Motion without prejudice. Defendant will be allowed the opportunity to lay foundation for admission of Exhibit B. If Defendant is unable to establish the requisite showing, Exhibit B will be excluded as impermissible hearsay.

c. *Kirton McConkie's Response to EEOC*

Defendant states in its Response to Plaintiff's Motion that it does not intend to offer counsel's response to Lisa Graham's Charge of Discrimination to the EEOC unless it is necessary for rebuttal. The Court will therefore deny the Motion without prejudice, and revisit the issue at trial if necessary.

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion in Limine Re: Statements of Myers, Warren, and Biesinger (Docket No. 66) is DENIED without prejudice. It is further

ORDERED that Plaintiff's Motion in Limine Re: Debra Wertz's Journal (Docket No. 67) is DENIED without prejudice. It is further

ORDERED that Plaintiff's Motion in Limine Re: Kirton McConkie's Response to Charge of Discrimination (Docket No. 68) is DENIED without prejudice.

DATED this 23rd day of January, 2026.

BY THE COURT:

_____
Ted Stewart
United States District Judge