IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ELIZABETH GRAHAM,<br><br>Plaintiff,<br>v.<br><br>BRISTOL HOSPICE HOLDINGS, INC.,<br>Defendant. | MEMORANDUM DECISION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS<br><br>Case No. 2:21-cv-00754-TS-DBP<br><br>Judge Ted Stewart<br>Magistrate Judge Dustin B. Pead |

This matter is before the Court on Plaintiff's Objections to Defendant's Proposed Jury Instructions. As discussed below, the Court will sustain the objections in part and overrule the objections in part.

1. Defendant's Substantive Instruction No. 9

Plaintiff objects to Defendant's inclusion of the *Kolstad*[1] good-faith defense instruction that permits a company to escape liability for punitive damages.

Under Title VII, a plaintiff is entitled to punitive damages if her "employer engaged in discriminatory practices 'with malice or reckless indifference to her federally protected rights.'"[2] "'Malice' or 'reckless indifference' do not require 'a showing of egregious or outrageous'

---

[1] *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

[2] *McInnis v. Fairfield Cmtys., Inc.*, 458 F.3d 1129, 1136 (10th Cir. 2006) (quoting 42 U.S.C. § 1981a(b)(1)).

conduct, but instead require proof that the employer acted 'in the face of a perceived risk that its actions would violate federal law.'"[3]

"[A]n employer is vicariously liable for punitive damages where an employee serving in a managerial capacity committed the wrong while acting in the scope of employment."[4] However, the *Kolstad* good-faith defense prescribes that "in the punitive damages context, an employer may not be vicariously liable for the [violative] decisions of managerial agents where th[o]se decisions are contrary to the employer's good faith efforts to comply with Title VII."[5] To avail itself of the *Kolstad* defense an employer must "(1) adopt antidiscrimination policies; (2) make a good faith effort to educate its employees about these policies and the statutory prohibitions; and (3) make good faith efforts to enforce an antidiscrimination policy."[6]

Plaintiff argues that Defendant's instruction is not a complete statement of the law because even if Defendant shows it has "a strong non-discrimination policy and makes good faith efforts to educate its employees about that policy and Title VII, a plaintiff may still recover punitive damages if she demonstrates the employer failed to adequately address Title VII violations of which it is aware."[7] This is simply a restatement of the *Kolstad* good faith compliance standard requiring the "employer to make 'good faith efforts to *enforce* an antidiscrimination policy'"[8] which Defendant includes in its instruction. The Court will therefore

---

[3] *Id.* (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535–36 (1999)).

[4] *Id.* (quoting *Kolstad*, 527 U.S. at 543).

[5] *Kolstad*, 527 U.S. at 545 (internal quotation marks and citation omitted).

[6] *McInnis*, 458 F.3d at 1138 (quoting *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1210 (10th Cir. 2000) (internal quotation marks and citation omitted)).

[7] Docket No. 72, at 2 (quoting *Cadena*, 224 F.3d at 1210).

[8] *Cadena*, 224 F.3d at 1210 (quoting *Kolstad*, 527 U.S. at 546).

overrule the objection on this basis, though the final instruction ultimately given to the jury could clarify the need for both "education" and "enforcement."

Next, Plaintiff argues that the instruction should be excluded because Defendant is not entitled to the *Kolstad* good-faith defense because the case involves direct liability based on Ms. Wertz's position as an executive, and not vicarious liability. Plaintiff argues that if the jury finds that Defendant terminated Plaintiff in violation of Title VII, Defendant cannot argue that the termination was a decision of a management-level employee contrary to good faith efforts by Bristol to comply with Title VII because there is no dispute that Ms. Wertz was aware of Plaintiff's protected activity.[9]

Plaintiff cites to *Deters v. Equifax Credit Information Services, Inc.*,[10] in which the defendant argued that the evidence presented at the sexual harassment trial was insufficient to support a punitive damages award in part because it was not responsible for the conduct of the supervisor employee.[11] The court concluded that "[w]hen a company specfically designates a particular employee within the company as a final person responsible for enforcing that company's policy against discrimination, then by the company's own designation, information provided to such an employee is knowledge to the company."[12] There, the employee was the human resource manager of the office and in charge of implementing sexual harassment policies and processing sexual harassment complaints.[13] The defendant argued that the manager's misconduct was not attributable to it because his conduct went against the company's good faith

---

[9] Docket No. 72, at 3.

[10] 202 F.3d 1262 (10th Cir. 2000).

[11] *Id.* at 1266.

[12] *Id.* at 1270–71.

[13] *Id.* at 1270.

antidiscrimination policies against sexual harassment. The court rejected this argument on the basis that *Kolstad* involved vicarious liability, not direct liability, and therefore the good-faith defense did not apply. It held that the *Kolstad* defense "is negated by a showing of direct malice or reckless indifference to federally protected rights of the plaintiff, by [the employee] who was designated by the company as the final decision-making authority responsible for implementing the company anti-discrimination policy."[14]

Plaintiff argues that the present case is also based on direct liability because Ms. Wertz, as the decisionmaker, was the Executive Vice President of Human Resources ("HR"), wrote the company's HR policies, and was involved with dismissing Plaintiff's Charge of Discrimination. Plaintiff argues that therefore the *Kolstad* defense does not apply and should be omitted from the instructions.

The objection is premature. No evidence has been elicited yet regarding Ms. Wertz and her responsibilities at Bristol. Plaintiff is correct that the *Kolstad* defense would not apply if Ms. Wertz had "final decision-making authority" and was "responsible for implementing" Bristol's anti-discrimination/retaliation policies.[15] But, that defense could apply if Ms. Wertz was merely a "managerial agent" and her actions were "contrary to [Bristol's] good-faith efforts to comply with Title VII."[16] Without further information as to Wertz's overall role, the Court cannot determine the propriety of this instruction.

In *Hardman v. Autozone, Inc.*,[17] the Tenth Circuit discussed whether an order for a new trial based on the failure to give a *Kolstad* defense instruction was an error. The court concluded

---

[14] *Id.* at 1271.

[15] *Id.*

[16] *Kolstad*, 526 U.S. at 545.

[17] 214 F. App'x 758 (10th Cir. 2007).

that when the evidence presented at trial supported that the defendant adopted antidiscrimination policies, made good faith efforts to educate its employees about the policies and statutory prohibition, and to enforce its antidiscrimination policy, it was entitled to a *Kolstad* instruction.[18] The court reasoned that because the jury was not permitted to make the determination as to whether the manager was part of the defendant—and therefore directly liable—when considering defendant's actions and conduct, the trial court did not err in concluding that a new trial was necessary. While the court did not instruct on what a proper punitive damage instruction incorporating the *Kolstad* defense would look like, this case supports that an instruction on the *Kolstad* defense may be appropriate if the evidence presented at trial support such.

Because the parties have primarily argued about whether to include an instruction on the *Kolstad* defense, they have not meaningfully engaged in the direct vs. vicarious liability distinction in the proposed instructions. As such the parties must meet and confer about an instruction incorporating that distinction should the Court determine Bristol is entitled to the *Kolstad* defense at the close of evidence.

Furthermore, "[u]nder federal law, an instruction is properly given if supported by competent evidence; only where there is sufficient evidence to support an issue or theory is the party offering an instruction entitled to have the instruction given. The evidence necessary to justify an instruction must be more than conjecture and speculation."[19] The Court will not instruct the jury on the *Kolstad* good-faith defense or punitive damages unless there is sufficient evidence to support the instructions at the close of the case.[20]

---

[18] *Id.* at 762–63.

[19] *Brownlow v. Aman*, 740 F.2d 1476, 1490 (10th Cir. 1984) (citation omitted).

[20] *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1201 (10th Cir. 2015) (affirming the district court's decision to decline to instruct the jury regarding punitive damages when there

2. Defendant's Substantive Instruction Nos. 12, 13, 14, and 15

Plaintiff objects to Instruction No. 12 which states that she was an at-will employee and describes the term. Plaintiff argues in part that the instruction should be excluded because it is redundant and Plaintiff does not plan to argue that she could only be terminated for cause. Defendant does not provide any case law supporting the instruction but asserts that at-will employment "is a background legal rule against which Title VII operates."[21]

The Court will sustain the objection, Defendant does not provide a legal basis for including the instruction. Furthermore, the Court finds that the principle of at-will employment is encompassed by the business judgment instruction as discussed below.

Plaintiff objects to Defendant's Substantive Instruction No. 13. This instruction states that an employer can make employment decisions based on business judgment, and that the employer is not required to prove that its decision was correct or fair. Plaintiff argues that the instruction is a variation of the legitimate, nondiscriminatory reason analysis used under the *McDonnell Douglas* framework which is applicable at summary judgment. Defendant asserts that the instruction refers to the general principles under Title VII that employers are entitled latitude in making employment decisions.

"The *McDonnell Douglas* division of intermediate evidentiary burdens serves to bring the litigants and the court expeditiously and fairly to th[e] ultimate question" of whether the "defendant intentionally discriminated against the plaintiff."[22] It is well-established that "Title

---

was no evidence presented to support "the type of corporate negligence or malfeasance that would justify punitive damages.") (internal quotation marks and citation omitted).

[21] Docket No. 80, at 5.

[22] *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

VII is not violated by the exercise of erroneous or even illogical business judgment."[23] Accordingly, a business judgment instruction is "crucial to a fair presentation of the case,"[24] and therefore, the Court will overrule the objection. However, the Court will not incorporate the specific wording proposed by Defendant.[25] Instead, the Court will provide the parties with its proposed instruction and allow them to make their record.

Plaintiff objects to Defendant's Substantive Instruction No. 14 which instructs that if Ms. Wertz honestly believed the reasons given for Plaintiff's termination and acted in good faith on that belief then the decision is not retaliatory, even if the belief later turned out to be mistaken. Plaintiff argues that this instruction refers to analysis under the *McDonnell Douglas* burden-shifting framework that is not applicable here and because it is redundant of Instruction No. 13.

"[W]hether an employer's stated reasons were held in good faith at the time of the discharge, even if they later prove to be untrue" is a relevant inquiry in a Title VII case.[26] The Court will therefore overrule the objection and incorporate the language of the instruction into the business judgment instruction discussed above.

Plaintiff also objects to Defendant's Substantive Instruction No. 15, which states that there is no requirement that the employer be correct, fair, wise, or reasonable in its employment

---

[23] *Sanchez v. Philip Morris, Inc.*, 992 F.2d 244, 247 (10th Cir. 1993). *See Young v. Dillon Cos., Inc.*, 468 F.3d 1243, 1250 (10th Cir. 2006) ("Our role is to prevent intentional discriminatory hiring practices, not to act as a super personnel department second guessing employers' honestly held (even if erroneous) business judgments.") (internal quotation marks and citation omitted).

[24] *Stemmons v. Mo. Dept. of Corrs.*, 82 F.3d 817, 819 (8th Cir. 1996) (internal quotation marks and citation omitted).

[25] *See United States v. Bryant*, 892 F.2d 1466, 1468 (10th Cir. 1989) (citation omitted); *Blake v. J.C. Penney Co., Inc.*, 894 F.2d 274, 282 (8th Cir. 1990) ("[A] litigant is not entitled to specific wording.").

[26] *Young*, 468 F.3d at 1250 (citations omitted).

decisions. This encompasses the same language concerns as Defendant's Substantive Instruction No. 13 and therefore, for the same reasons, the Court will overrule the objection and incorporate the language into a single jury instruction as previously discussed.

3. Defendant's Substantive Instruction Nos. 16, 17, and 18

Plaintiff objects to Defendant's Substantive Instruction No. 16, which states that temporal proximity between Plaintiff's protected activity and her termination can be considered. Plaintiff argues that the instruction should be omitted because temporal proximity is part of the *McDonnell Douglas* burden shifting framework applied at summary judgment. Defendant responds that rules that have been developed under *McDonnell Douglas* when discussing pretext are appropriate instructions at trial because it "approximates the normal burden of any plaintiff to prove his or her case at trial."[27]

"[A] judge need not deliver instructions on all valid legal principles, particularly where an inference is permissible but not mandatory and when counsel is free to argue such an inference to the jury."[28] Defendant does not point to any case law holding that instruction on temporal proximity is mandatory. The jury instructions include instructions that the jury may consider circumstantial evidence, require Plaintiff to prove that Defendant retaliated against her because of her protected activity, and direct that the jury draw "reasonable inferences" from the testimony and exhibits. Defendant may argue that the timing of Plaintiff's termination creates an inference against causation, but consistent with the Tenth Circuit's guidance stated above,

---

[27] Docket No. 80, at 13.

[28] *Kelley v. City of Albuquerque*, 542 F.3d 802, 819 n.17 (10th Cir. 2008) (citing *EEOC v. Loral Aerospace Corp.*, 162 F.3d 1172, 1998 WL 769820, at *1 (10th Cir. 1998) (unpublished table decision)); *Gehring v. Case Corp.*, 43 F.3d 340, 343 (7th Cir. 1994) ("Many an inference is permissible. Rather than describing each, the judge may and usually should leave the subject to the argument of counsel.") (citation omitted).

instruction on the topic is unnecessary and the Court will sustain the objection on Instruction No. 16.

Plaintiff objects to Defendant's Substantive Instruction No. 17, which states that failure to use progressive discipline by itself does not prove retaliation. Plaintiff argues that progressive discipline is relevant to the pretext analysis in the *McDonnell Douglas* framework and is therefore not appropriate for jury trial. Defendant reiterates its argument above and further argues that the jury should be instructed on progressive discipline, especially if Plaintiff argues that the lack of progressive discipline is circumstantial evidence of retaliation. As above, Defendant does not point to any case law holding that instruction on progressive discipline is mandatory and the Court finds that an instruction on this point is unnecessary and unhelpful. Accordingly, the Court will sustain the objection on Defendant's Instruction No. 17. Rather, the parties are permitted to argue the relevance of progressive discipline, or lack thereof, to the jury.

Finally, Plaintiff objects to Defendant's Substantive Instruction No. 18, which states that the jury may consider that because Plaintiff and Ms. Wertz are both part of the same protected class implicated in Plaintiff's complaints, the jury may make an inference that retaliatory animus is less likely. Defendant cites to a Fifth Circuit decision concluding that "[t]he fact that the actor involved in both employment decisions is also a member of the protected class only enhances the inference" of pretext at the summary judgment stage,[29] However this case does not support that such an inference or instruction is mandatory. The Court again finds the proposed instruction is unnecessary and unhelpful and will sustain the objection as to Defendant's Substantive Instruction No. 18.

---

[29] *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 658 (5th Cir. 1996) *abrogated on other grounds in Harris v. City of Schertz*, 27 F.4th 1120, 1124 (5th Cir. 2022).

It is therefore

ORDERED that Plaintiff's Objections to Defendant's Proposed Jury Instructions or

SUSTAINED IN PART and OVERRULED in part.

DATED  January 27, 2026.

BY THE COURT:


_____
TED STEWART
United States District Judge