IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ELIZABETH GRAHAM,<br><br>                          Plaintiff,<br>v.<br><br>BRISTOL HOSPICE HOLDINGS, INC.,<br><br>                          Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW AND GRANTING PLAINTIFF'S RULE 50 MOTION ON THE KOLSTAD DEFENSE<br><br>Case No. 2:21-CV-00754-TS-DBP<br><br>Judge Ted Stewart<br>Magistrate Judge Dustin B. Pead |

This matter is before the Court on Defendant Bristol Hospice Holdings, Inc. Motion for Judgment as a Matter of Law and Plaintiff's Motion as it relates to the application of the *Kolstad* defense. The parties made their Motions at the conclusion of both parties' cases on January 29, 2026. The Court orally denied Defendant's Motion and granted Plaintiff's Motion. The reasons for those decisions are set out below.

Federal Rule of Civil Procedure 50(a)(1) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

In reviewing a Rule 50 Motion, the Court reviews all of the evidence in the record.[1] However, all reasonable inferences are drawn in favor of the nonmoving party and the Court "may not make credibility determinations or weigh the evidence."[2]  Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[3]  A judgment as a matter of law is appropriate "[i]f 'there is no legally sufficient evidentiary basis with respect to a claim or defense under the controlling law.'"[4]

In this matter, Plaintiff brings a retaliation claim against Defendant. To prove retaliation, Plaintiff must prove (1) she engaged in protected activity under federal law by complaining about discrimination in the workplace; (2) Defendant subjected Plaintiff to adverse employment action; and (3) the adverse action was taken because of her protected activity.[5] The parties stipulated that the first two elements are met and therefore the only element at issue is whether Plaintiff was terminated because of her protected activity.

Defendant argues it is entitled to judgment as a matter of law on both the retaliation claim and the issue of punitive damages. Defendant also argues that the Court should instruct the jury on the *Kolstad* defense if it does not grant judgment as a matter of law on the issue of punitive damages. Plaintiff asserts the evidence does not support inclusion of the *Kolstad* defense.

---

[1] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

[2] *Id.* (citation omitted).

[3] *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996) (quoting *Q.E.R., Inc. v. Hickerson*, 880 F.2d 1178, 1180 (10th Cir. 1989)).

[4] *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores*, 82 F.3d 1533, 1546–47 (10th Cir. 1996)).

[5] *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000).

The Court denies judgment as a matter of law on the claim of retaliation. Viewing the evidence in the light most favorable to Plaintiff, the Court finds that there has been sufficient evidence presented from which a reasonable jury could conclude that Defendant terminated Plaintiff's employment because of her protected activity. Plaintiff presented sufficient evidence from which a reasonable jury could conclude that Defendant's stated reasons for terminating Plaintiff were pretextual. Thus, the jury could infer that the real reason Plaintiff was terminated was because she engaged in protected activity.

Plaintiff testified that, in her experience working in human resources, Bristol Hospice normally followed their progressive discipline policy. She further testified that, in her experience, the type of allegations lodged against her would not typically result in immediate termination. She also testified that she was not given an opportunity to respond to the allegations against her before she was terminated, which was inconsistent with the normal practice. Both Plaintiff and her supervisor, Ms. Wertz, testified about other situations in which the employees at Bristol Hospice were terminated without following the progressive discipline policy, including improper supervisor and employee relations, incidents of "blatant sexual harassment," and an incident in which nurses were giving "recreational enemas" at a facility owned by Bristol Hospice. Plaintiff's alleged misconduct did not involve the same type of activity that had previously resulted in immediate termination. The asserted inconsistencies between Plaintiff's termination and Bristol Hospice's typical process provides support for Plaintiff's claim.

Plaintiff also presented evidence that she received positive annual reviews in 2016 and 2017. These positive evaluations provide additional evidence to support a finding of pretext.

In addition, Plaintiff testified that she supported another employee's Charge of Discrimination in early 2018. She testified that when she met with Ms. Wertz about the

allegations, Ms. Wertz appeared angry. From this, the jury could infer that Ms. Wertz was hostile toward complaints of discrimination and retaliation.

Plaintiff then made her own Charge of Discrimination in April 2018 against Ms. Wertz and another employee. Plaintiff participated in mediation with Ms. Wertz in April 2018 but later withdrew her charge. Plaintiff was terminated on July 13, 2018, shortly after she withdrew her Charge. This temporal proximity, along with the other evidence presented, provides further support for Plaintiff's claim of retaliation.

Additionally, Plaintiff testified that the stated reasons for her termination—her alleged failure to train a new employee and dishonesty—were untrue. Plaintiff testified that she provided training to Faith Myers on July 10, 2018, as directed by Ms. Wertz, and thereafter provided summaries to Ms. Wertz when she was asked. The exhibits admitted at trial included the email summary and Plaintiff's notes detailing the training with Ms. Myers. As discussed, Plaintiff was not permitted to respond to the allegations against her or otherwise defend herself, and Ms. Wertz testified that she did not have prior issues with Ms. Graham not being truthful at work. Based on this evidence, a reasonable jury could conclude that Plaintiff's protected activity was the but for cause of her termination.

Defendant also argues that the Court should grant judgment as a matter of law on the issue of punitive damages and therefore not submit the issue to the jury. In the alternative, Defendant argues that it is entitled to a defense under *Kolstad*. Plaintiff opposes Defendant's *Kolstad* defense.

"A Title VII plaintiff is entitled to punitive damages if his employer engaged in discriminatory practices 'with malice or with reckless indifference to [her] federally protected

4

rights.'"[6] "'Malice' and 'reckless indifference' require proof the employer acted 'in the face of a perceived risk that its actions would violate federal law.'"[7] Accordingly, in this context, these terms do not refer to "the egregiousness of the employer's conduct, but rather to the employer's knowledge that it may be acting in violation of federal law."[8]

The Tenth Circuit has held that a punitive damages claim can proceed when a reasonable jury could find that discrimination and/or retaliation motivated the employer's decision to terminate the plaintiff and there is evidence presented that the employer knew the requirements of Title VII.[9]

Here, as discussed above, Plaintiff presented evidence from which a jury could conclude that Defendant terminated her because of her protected activity. The Court also finds that Plaintiff presented sufficient evidence that Ms. Wertz and Bristol Hospice knew the requirements under Title VII. Ms. Wertz testified that she received her master's degree in human resource management, and was well-versed in employment laws, including Title VII, through her work in human resources. She also testified that as Executive Vice President of Human Resources, she

---

[6] *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1201 (10th Cir. 2015) (quoting 42 U.S.C. § 1981a(b)(1)).

[7] *Id.* (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535–36 (1999)).

[8] *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1269 (10th Cir. 2000).

[9] *Flitton v. Primary Residential Mortg.*, 238 F. App'x 410, 420 (10th Cir. 2007); *EEOC v. Heartway Corp.*, 466 F.3d 1156, 1169 (10th Cir. 2006) (holding that it is proper for punitive damages to go to the jury "where (1) there is sufficient evidence for the jury to decide whether an employer intentionally and illegally discriminated on the basis of a disability and (2) there is evidence that the employer knew the requirements of the ADA"); *McGinnis v. Fairfield Cmtys., Inc.*, 458 F.3d 1129, 1137–38 (10th Cir. 2006) (concluding that there was sufficient evidence to support the jury's punitive damages award because there was sufficient evidence that the plaintiff's termination was illegal retaliation and at least one manager knew of federal prohibitions against retaliation).

oversaw discipline of employees and made sure that Bristol Hospice policies and the law were followed. Accordingly, the Court denies Defendant's Motion on the issue of punitive damages.

Finally, Defendant argues if the Court instructs the jury on punitive damages, the Court should also instruct the jury on the *Kolstad* good-faith defense. The *Kolstad* good-faith defense prescribes that "in the punitive damages context, an employer may not be vicariously liable for the [violative] decisions of managerial agents where th[o]se decisions are contrary to the employer's good faith efforts to comply with Title VII."[10] The *Kolstad* defense "is negated by a showing of direct malice or reckless indifference to federally protected rights of the plaintiff, by [the employee] who was designated by the company as the final decision-making authority responsible for implementing the company anti-discrimination policy."[11]

The evidence and testimony support that Ms. Wertz "was employed in a managerial capacity and was acting in the scope of her employment" when she terminated Ms. Graham.[12] Specifically, Ms. Wertz had "final decision-making authority" and was "responsible for implementing" Bristol Hospice's anti-discrimination/retaliation policies.[13] The evidence does not support that Ms. Wertz was merely a "managerial agent" and that her actions were "contrary to [Bristol Hospice's] good-faith efforts to comply with Title VII."[14] Moreover, the evidence supports that Bristol Hospice, through the assent of its CEO, Hyrum Kirton, ratified and

---

[10] *Kolstad*, 527 U.S. at 545.

[11] *Deters*, 202 F.3d at 1271.

[12] *Kolstad*, 527 U.S. at 542 (internal quotation marks and citation omitted)

[13] Deters, 202 F.3d at 1271.

[14] *Kolstad*, 527 U.S. at 545.

approved Ms. Wertz's decision to terminate Ms. Graham.[15] As such, there is not evidence to support the *Kolstad* defense and the Court will not instruct the jury on it.

Because Plaintiff presented evidence from which a reasonable jury could find in favor of Plaintiff on both liability and punitive damages, and because there was not sufficient evidence to support the *Kolstad* defense, the Court denies Defendant's Motion for Judgment as a Matter of Law and grants Plaintiff's Motion as related to *Kolstad*.

DATED  January 29, 2026.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[15] *Id.*